IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| NOBLE D. MCPIKE, JR., | ) ) | CASE NO. 03-47538-H3-13 |
| Debtor, | ) ) ) | |

MEMORANDUM OPINION

The court has held a hearing on confirmation of the amended Chapter 13 plan filed by the Debtor in the above captioned case (Docket No. 38). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying confirmation. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Noble Dean McPike, Jr. ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 8, 2003.

On March 12, 2004, Energy Facility Services, Inc. ("EFSI"), Garland Faulk, and James Eugene Moore filed a complaint objecting to the dischargeability of a debt, in Adversary No. 04-3222.

On September 2, 2004, Debtor filed a motion to convert the instant case to a case under Chapter 13 of the Bankruptcy Code.  The motion to convert was granted by order entered September 10, 2004.  (Docket No. 10).

On September 27, 2004, Debtor filed amended schedules I and J in the converted case.  Amended schedule I reflects that Debtor's employer is JKT Fastners & Supply, Inc., that Debtor's gross income was $3,250 per month, that $684.66 in payroll and social security taxes were deducted from Debtor's monthly income, and that Debtor received a car allowance and mileage reimbursement of $600 per month, resulting in a net monthly income of $3,165.34.  Amended schedule J reflects that Debtor has expenses for a home mortgage, utilities, internet services, home maintenance, food, clothing, laundry, medical and dental expenses, transportation, recreation, auto insurance, an automobile installment payment, child support, and haircuts, totaling $3,033.00.  The excess of income over expenses on Debtor's amended schedules I and J is $132.34.  (Docket No. 15).

On November 15, 2004, EFSI, Faulk, and Moore filed a proof of claim, asserting an unsecured claim in the amount of $58,000 plus attorney fees.

On August 22, 2006, Debtor filed the instant plan. Debtor proposes to make payments to the Chapter 13 Trustee of $130.00 per month, for 38 months.  From the total of $4,940.00 to

be paid to the Chapter 13 Trustee, Debtor proposes to pay priority claims asserted by his counsel, Richard Aurich, in the amount of $2,050.00, and by Tanya Cook, Debtor's former spouse, in the amount of $2,374.00. Debtor proposes to distribute $222.07 to unsecured creditors.[1]

On September 20, 2006, EFSI, Faulk, and Moore filed an objection to confirmation. EFSI, Faulk, and Moore assert that Debtor did not file the instant plan in good faith, that Debtor has not committed all of his disposable income to the payments called for under the plan, and that the plan provides less to them than they would receive in a Chapter 7 case.

Debtor testified that he has undergone a twenty percent salary reduction from his employer. He testified that his employer lost several major accounts, Union Tank Car Company, Turbine Systems, and Dow Tile. It is significant that, according to Debtor's testimony, his employer, JKT Fasteners, is owned by his mother.

Debtor testified that his expenses have changed. He testified that his electricity expenses have increased by $100.00 per month. He testified that his transportation expenses have increased by $40.00 per month. He testified that his automobile insurance expenses have decreased by approximately $200 per

---

[1] This amount is derived by deducting the current posted Chapter 13 Trustee's fee of 7.95% from the proposed total of payments, resulting in a deduction of $293.93.

month.  He testified that his ongoing child support obligations, which had been $595.00 per month, have now expired.  He testified that his expenses now total $2,378.00 per month.  He testified that his disposable income is now $146.00 per month.  He testified that he is willing to pay that amount to the Trustee.[2]

Debtor testified that his parents have made gifts and loans to him and to his family during 2005 and 2006.  He testified that he had verbally agreed to pay $700.00 per month to repay his parents.  He testified he has not made the $700.00 per month payments.  He testified that the aggregate value of three loans from his parents was approximately $21,000.00.

Debtor testified that his reduction in income was instituted in September, 2006.  He testified that he has no document reflecting the reduction in income.  He testified that the value of the contracts his employer lost was $31,000.00 to $41,000.00 per month.  He testified that the company's income was reduced by at least 20 percent as a result of the loss of the Union Tank Car Company, Turbine Systems, and Dow Tile accounts.

Conclusions of Law

A Chapter 13 Debtor, as the proponent of the plan, bears the burden of proof as to all the elements for

---

[2] As of the date of the confirmation hearing, Debtor had not filed amended schedules I and J reflecting the changes to his income and expenses.  Debtor was ordered to do so on or before October 23, 2006.

confirmation.  <u>See</u> <u>In re Hill</u>, 268 B.R. 548 (9th Cir. BAP 2001).

Under Section 1325(a) of the Bankruptcy Code, as it was in effect on the petition date, the court shall confirm a plan if the plan has been proposed in good faith and not by any means forbidden by law; and the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 on the effective date. 11 U.S.C. § 1325(a).

Under Section 1325(b) of the Bankruptcy Code, as it was in effect on the petition date, if an unsecured creditor objects, the court may not approve confirmation unless, as of the effective date of the plan, the plan provides that all of the debtor's projected disposable income to be received in the three year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan. 11 U.S.C. § 1325(b).

Good faith is considered in light of the totality of the circumstances.  <u>In re Ramirez</u>, 204 F.3d 595 (5th Cir. 2000). In <u>Matter of Chaffin</u>, 816 F.2d 1070 (5th Cir. 1987), <u>modified</u> 836 F.2d 215 (5th Cir. 1988), the Fifth Circuit held that use of Chapter 13 to discharge a debt which was determined in Chapter 7 to be nondischargeable was not bad faith <u>per</u> <u>se</u>.

5

In the instant case, Debtor borrowed funds from his parents postpetition, and agreed to repay those funds without disclosing any such arrangement to creditors or the court. Although Debtor testified that he has not repaid any of the money he borrowed from his parents, he testified that the amount of his income, which is controlled by his mother, has been reduced by twenty percent. Where the Debtor's income is subject to control by the Debtor or a close family member, the Debtor's income is subject to greater scrutiny. The Debtor's explanation of the reduction in his income, standing alone, is not persuasive on the question of Debtor's good faith in proposing the instant plan. Debtor did not call his mother as a witness on the subject of Debtor's projected income.

Additionally, although Debtor has incurred numerous additional obligations during the pendency of the instant case, Debtor has not amended his schedules to reflect the changes in his income and expenses.

The court concludes, based on the totality of the circumstances, that Debtor has not met his burden of showing that the instant plan was proposed in good faith.

Because the court has found Debtor has not met the burden of proof as to the issue of good faith, the court need not reach the question of whether Debtor has committed all of his disposable income to making the payments under the plan, or

whether the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 on the effective date.

    Based on the foregoing, a separate Judgment will be entered denying confirmation.

    Signed at Houston, Texas on November 27, 2006.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE